

**The following constitutes
the order of the court. Signed February 29, 2012**

_____
**Charles Novack
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CEDAR FUNDING, INC.,<br><br>    Debtor. | Case No. 08-52709 CN<br><br>Chapter 11 |
| POST-CONFIRMATION CREDITORS' COMMITTEE,<br><br>    Plaintiff,<br><br>vs.<br><br>BEN COMPAGNO,<br><br>    Defendant. | Adversary No. 10-5123<br><br>**MEMORANDUM DECISION ON POST-CONFIRMATION CREDITORS' COMMITTEE'S MOTION FOR SUMMARY JUDGMENT ON FRAUDULENT CONVEYANCE CLAIMS FOR RELIEF** |

## INTRODUCTION

In this adversary proceeding, the Post-Confirmation Creditors' Committee (the "Committee") seeks to avoid and recover, *inter alia*, transfers totaling $404,944.79 to defendant Ben Compagno

("Compagno") as fraudulent conveyances under Bankruptcy Code § 544(b)(1) and California Civil Code § 3439.04(a)(1).[1]

## PROCEDURE ON SUMMARY JUDGMENT

Summary judgment is appropriate when the evidentiary proof offered by the moving party shows that there is no genuine issue of material fact and the moving party is entitled to a determination as a matter of law. *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. Rule 56. To prevail, the Committee must provide evidence establishing all the elements of its fraudulent conveyance claim. *Lockwood v. Wolf Corp.,* 629 F.2d 603, 611 (9th Cir. 1980). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable trier of fact could find in favor of the non-moving party. Herein, Compagno must provide "specific facts" demonstrating that there is a genuine issue for trial, and must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matshusita Elec. Indus.Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356 (1986).

## FACTS

The Committee filed its motion for summary judgment based upon Compagno's failure to serve responses to the Committee's Request For Admissions under F.R.B.P. 7036(a). Unanswered requests for admission may be used as the evidentiary basis for a motion for summary judgment (*see Conlon v. United States of America*, 474 F.3d 616, 618 (9th Cir. 2007)), and the Committee's motion is primarily based on the admissions established by Compagno's failure to respond to its requests. These requests for admission fully establish its fraudulent conveyance claim for relief. Compagno did, however, timely respond to the summary judgment motion, and his opposition consisted of a short declaration and his tardy responses to the Committee's request for admissions. For reasons set forth on the record during

---

[1] This court already has granted partial summary judgment in favor of the Committee on its § 547(b) claim for relief.

2

the November 28, 2011 hearing, the court authorized Compagno to withdraw/amend his responses under F.R.B.P. 7036(b).[2]

The Committee is not dissuaded by Compagno's responses, and it still asserts that his opposition does not create any question of material fact. Compagno admits in his responses to the Committee's request for admissions that he received $404,944.79 from Cedar Funding within one year of the bankruptcy filing, and that one or more creditors held claims against Cedar Funding before, after and when the transfers were made. He denied the remaining request for admissions, which otherwise would have substantiated the Committee's fraudulent conveyance claim. Compagno's declaration in opposition to the summary judgment motion further states that in 2007 he invested almost two million dollars in deeds of trust brokered by Cedar Funding, that he "withdrew" $404,944.79 of these investments during 2007 to pay for personal expenses, and that he received these funds in June 2007, September 2007, January 2008, and February 2008. He claims to know nothing of Cedar Funding's fraudulent business practices.

## **LEGAL ANALYSIS**

The Committee's motion for summary judgment contends that there is no genuine issue of fact regarding its ability to avoid and recover the $404,944.79 paid to Compagno. To succeed on its fraudulent conveyance claim under California Civil Code § 3439.04(a)(1), the Committee must provide undisputed evidence showing that Cedar Funding transferred the funds on with the actual intent to hinder, delay or defraud any creditor of the debtor, and that Cedar Funding made these transfers within four years of the petition date. Compango's admissions and declaration demonstrate that he received $404,944.79 from Cedar Funding within a year of the bankruptcy filing, and that these funds represented a partial withdrawal of his Cedar Funding investments.

---

[2] The court also sanctioned Compagno's counsel $500.00 for his failure to timely respond to the request for admissions. The Committee's attorneys have filed a pleading indicating that Compagno's counsel has not paid these sanctions. The Committee should file a motion to hold Compagno's counsel in contempt if he does not pay these sanctions.

3

The Committee argues that Cedar Funding was operating a Ponzi scheme, and that as a matter of law, the "mere existence" of a Ponzi scheme is sufficient to establish the required element of actual intent to hinder, delay or defraud. See *In re Slatkin*, 525 F.3d 805, 815 (9th Cir. 2008). The Committee further contends that this court has held that Cedar Funding operated a Ponzi scheme, and asks this court to take judicial notice of those "holdings."

This court must individually examine the four transfers at issue, and determine whether each was a fraudulent conveyance when they were made. While Judge Morgan made general pronouncements that Cedar Funding was operating a Ponzi scheme, such pronouncements are insufficient for purposes of this adversary proceeding to hold, as a matter of law, that Cedar Funding was operating a Ponzi scheme when it made these transfers to Compagno. Accordingly, this court finds that the Committee has not demonstrated, as a matter of law, that Cedar Funding transferred these funds with the actual intent to hinder, delay or defraud creditors. This court does, however, grant partial summary judgment pursuant to F.R.B.P. 7056(g) that Compagno received the above transfers from Cedar Funding within one year of the bankruptcy filing.

## CONCLUSION

For the reasons explained, partial summary judgment is granted in favor of the Committee and against Compagno. The Committee shall submit an appropriate order.[3]

**\* \* \* END OF ORDER \* \* \***

---

[3] The court notes that the Committee's complaint alleges fraudulent conveyance claims under California Civil Code §§ 3430.04(a)(1) and (2). The Committee's reply brief indicated, however, that the Committee was moving only under its (a)(1) claim for relief.

4

**COURT SERVICE LIST**

Recipients are ECF participants